# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES KEVIN BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-cv-414 |
| | ) | |
| CAPITAL MANAGEMENT SERVICES, LP, | ) | |
| | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff James Kevin Blair (hereinafter referred to as "Mr. Blair" or "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Capital Management Services, LP (hereinafter referred to as "Defendant" or "CMS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit company that may be served through its agent for service of process in Tennessee as follows: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7. CMS uses mail in its business.

8. CMS uses telephone communications in its business.

9. The primary purpose of CMS's business is the collection of debts.

10. CMS regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

11. CMS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

12. CMS has alleged that Mr. Blair incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore

a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by American Express.

13. Sometime prior to March 23, 2012, Plaintiff's debt was sold or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect this debt.

14. Defendant sent Mr. Blair a letter collecting a American Express account on behalf of CVF Consumer Acquisition Company with the assigned Account Number ending in 2004 and claiming the balance due of the account as $7,226.14 as of March 23, 2012 (see attached Exhibit A).

15. The March 23, 2012 letter asserts the "current creditor" is CVF Consumer Acquisition Company and asserts that CMS "has been engaged by RESURGENT CAPITAL SERVICES, LP." (see attached Exhibit A).

16. Mr. Blair asserts that he has made no payments on his American Express account in over six years and thus the Tennessee statute of limitations has ran on this account.

17. In these communications to Mr. Blair, CMS violated the Fair Debt Collection Practices Act.

18. Mr. Blair has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: COMMUNICATIONS BY DEFENDANT TO THIRD PARTIES

19. The acts of Defendant constitute violations of the FDCPA. CMS's violations of the FDCPA include, but are not limited to, the following:

- The communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc….

20. In Defendant's March 23, 2012 correspondence referenced *supra*, Defendant attached a document entitled "Privacy Notice." (see attached Exhibit A).

21. The document entitled "Privacy Notice" stated that it was being given on behalf of related "Sherman Companies," which "describes the general policy of the Sherman Companies regarding the personal information of customers and former customers." *Id.*

22. Defendant's Privacy Notice mailed by Defendant contains the following statements in pertinent part:

> **Information We May Collect**. The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, <u>such as your name, address, social security number, and assets</u>; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, <u>such as your income and payment history</u>; (3) information that we receive from consumer reporting agencies, <u>such as your creditworthiness and credit history</u>, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information". (emphasis added)
> **Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers <u>with each other and with their affiliated financial services companies in connection with administering and collecting accounts</u>. (emphasis added)

*Id*.

23. The Privacy Notice was a "communication" made in connection with the collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

4
Case 3:12-cv-00414-TAV-CCS   Document 1   Filed 08/07/12   Page 4 of 9   PageID #: 4

24. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

25. Despite this prohibition and despite knowing Mr. Blair's home address, home telephone number and place of employment, Defendant sent a communication to Mr. Blair in connection with the collection of the debt claiming to communicate "with their affiliated financial services companies in connection with administering and collecting accounts" when, under the FDCPA, they clearly could not legally do so.

26. On information and belief, Defendant does not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

27. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

28. For that reason, without the prior consent of the consumer given directly to the Defendant, it may not communicate with any other person in connection with the collection of the debt (except Mr. Blair, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector) other than for the purpose of acquiring "location information".

29. When Defendant communicated the threat to Mr. Blair that it was going to communicate with third parties outside the list enumerated by the FDCPA, it was already aware of all three items of information that are included in the definition of "location information": where he lived, his telephone number where he lived, and his place of employment.

30. The statement that Defendant communicates with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

31. Defendant's privacy notice misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning Mr. Blair other than "location information," when the FDCPA forbids such third party contact.

32. It informs consumers that Defendant may provide his "personal information", including the fact that Mr. Blair owes a debt to Defendant, to other companies and "affiliated financial service companies in connection with administering and collecting accounts" when the FDCPA forbids such disclosure.

33. Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the FDCPA failed to avoid communicating threats to Mr. Blair that it was going to communicate with third parties outside the list enumerated by the FDCPA, even after it was already aware of all three items of information that are included in the definition of "location information".

34. If false, the statement that Defendant communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

35. If true, the third party contact is patently unlawful.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS

36. The acts of Defendant constitute violations of the FDCPA. CMS's violations of the

FDCPA include, but are not limited to, the following:

- The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and
- The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

37. The statute of limitation for an open ended contract in Tennessee specifies six (6) years pursuant to Tennessee Code Annotated section 28-3-109 (a)(3).

38. CMS knew, or should have known, that the statute of limitations for collection of the alleged debt had expired. Therefore, CMS was using false, deceptive, or misleading representations as to the balance owed on the account.

39. CMS's March 23, 2012 letter is also threatening disclosure of Mr. Blair's personal information to third parties and thus using false, deceptive, or misleading means to collect a stale debt.

40. CMS also demanded a debt from Mr. Blair that was no longer collectable, and therefore used false, deceptive, or misleading representations in connection with the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

**THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT**

41. The acts of CMS constitute violations of the Fair Debt Collection Practices Act. CMS's violations of the FDCPA include, but are not limited to, the following:

- The collection of any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

42. As referenced in the first cause of action, CMS is attempting to collect a debt which is timed-barred. As such, CMS is collecting an amount not permitted by law.

43. Furthermore, Mr. Blair asserts that CMS has added interest and fees that are not provided for under the terms of the initial contract, and thus CMS is collecting an amount not permitted by the contract.

### FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS

44. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. CMS's violations of the FDCPA include, but are not limited to, the following:

    - The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

45. CMS asserts in its March 23, 2012 letter: "Current Creditor: CVF Consumer Acquisition Company", but then goes on to assert that CMS "has been engaged by RESURGENT CAPITAL SERVICES, LP." (see attached Exhibit A).

46. By asserting different entities own the same account at the same time, CMS has misled and confused Mr. Blair as to who he owes for this American Express account.

47. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted on this, the 7th day of August, 2012.

/s/ Justin A. Brackett
Justin A. Brackett, Esq., BPR # 024326
Brackett & Strunk, PLLC
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net